UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YOLANDA JIMENZ
CERVANTEZ,

     Plaintiff,

v.

TARGET CORPORATION, et al.,

     Defendants.

Case No. 8:26-cv-01072-KES

ORDER SETTING TELEPHONIC SCHEDULING CONFERENCE FOR

**<u>Wednesday, August 12, 2026</u>**

10:00 A.M.

By consent of the parties pursuant to 28 U.S.C. § 636(c), this case has been assigned to Magistrate Judge Karen E. Scott.  This case is set for a telephonic Scheduling Conference on the date and time set forth in the caption of this Order, pursuant to Federal Rule of Civil Procedure 16(b).  This Order sets out instructions that the parties must follow in preparing for the Scheduling Conference.  For further guidance, counsel should consult the Federal Rules of Civil Procedure ("FRCP") and the Local Rules.[1]

---

[1]  The Local Rules of the Central District of California are available at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

1

**A.** **Discovery**

The parties are reminded of their obligations under FRCP 26(a)(1) to disclose information (without awaiting a discovery request).  The Court encourages counsel to agree to begin to conduct discovery *before* the Scheduling Conference.  The parties should comply fully with the letter and spirit of FRCP 26(a) and obtain and produce most of what would otherwise be produced in the early stages of discovery.  At the Scheduling Conference, the Court will impose deadlines for completion of discovery.  Inability to complete discovery within the deadlines set at the Scheduling Conference will not constitute grounds for a continuance in the absence of good cause.

Counsel are expected to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner.  All discovery matters will be handled by the undersigned.

**B.** **Scheduling Conference**

This case is set for a telephonic Scheduling Conference under FRCP 16(b) on the date and time set forth in the caption of this Order.  To attend the conference telephonically, counsel should call (714) 475-3442 and enter conference ID number 977 002 74#.

Even if a settlement has been reached, counsel for all parties (or the party if appearing pro se), must appear at the Scheduling Conference unless a stipulation of dismissal signed by all parties has been lodged with the Court.

Unless excused for good cause shown in advance of the Scheduling Conference, *lead counsel* shall appear at the Scheduling Conference and at all pretrial hearings, fully informed concerning the facts of the case.  If the Court determines that a Scheduling Order can be issued based on the joint Rule 26(f) Report, discussed below, then the Scheduling Conference will be cancelled.

**C.** **Joint Rule 26(f) Report**

As provided in FRCP 26(f), the parties shall meet at least 21 days before the

2

Scheduling Conference and file a joint Rule 26(f) Report **no later than 14 days before the date set for the Scheduling Conference**.  The Rule 26(f) Report shall be drafted by Plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly.  "Jointly" contemplates a single report, regardless of how many separately-represented parties there are.

Attached to this Order, as Exhibit A, are the Court's presumptive dates for trial and pretrial deadlines.  Parties wishing to deviate from this schedule shall provide the Court with reasons for each suggested change.

The Rule 26(f) Report shall address all matters described below, which include those required by FRCP 26(f) and Local Rule 26, and shall use section headings corresponding to those in this Order:

1.    Statement of the Case: A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

2.    Legal Issues: A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

3.    Damages: The realistic range of provable damages.

4.    Insurance: Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

5.    Preliminary Motions: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

6.    Manual for Complex Litigation: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

7.    Status of Discovery: A discussion of the present state of discovery, including a summary of completed discovery.

8.    Discovery Plan: A detailed discovery plan, as contemplated by FRCP 26(f)(3), including: (a) the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible); (b) anticipated written discovery requests (including requests for admission, document requests, and interrogatories);

3

(c) anticipated third-party discovery; (d) whether any party proposes that discovery be stayed, phased, or bifurcated and the reasons for such a proposal; (e) whether the parties plan to stipulate to a protective order permitting the production of records designated confidential[2]; (f) whether the parties plan to stipulate to an e-discovery protocol; (g) whether the parties plan to stipulate to procedures and deadlines for exchanging privilege logs; (h) any other matters affecting the scope or timing of discovery.

9. Expert Discovery Cut-Off: Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off. See FRCP 26(a)(2); Local Rule 26-1(f). The expert discovery cut-off date is also the deadline for filing any discovery motions regarding expert discovery.

10. Fact Discovery Cut-Off: A proposed discovery cut-off date. This means the final day for completing fact discovery. The fact discovery cut-off date is also the deadline for filing any discovery motions regarding fact discovery.

11. Dispositive Motions: A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.

12. Settlement and Alternative Dispute Resolution ("ADR"): A statement of what settlement discussions or written communications have occurred (***excluding any statement of the terms discussed***) and a statement selecting one of the ADR Procedures specified in Local Rule 16-15.4 and indicating when the ADR session should occur. If counsel have received a Notice to Parties of Court-Directed ADR Program (form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense); in such a

---

[2] In drafting any proposed protective order, the parties are encouraged to use as a starting point the example protective order on the Court's website at: http://www.cacd.uscourts.gov/honorable-karen-e-scott.

case, the parties may ***not*** choose a settlement conference before a magistrate judge. See General Order 11-10, § 5; Local Rule 26-1(c).[3]  No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a mediation or other ADR session.

13.    Trial Estimate: A realistic estimate of the time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.  If the time estimate for trial given in the Rule 26(f) Report exceeds five (5) court days, counsel shall be prepared to discuss in detail the estimate.

14.    Trial Counsel: The name(s) of the attorney(s) who will try the case.

15.    Independent Expert or Master: Whether this is a case in which the Court should consider appointing a master pursuant to FRCP 53 or an independent scientific expert.  (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.)

16.    Other Issues: A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof at trial.

17.    Acknowledgment of Preparation: Counsel shall confirm in the Rule 26(f) Report that they read, considered, and discussed the matters listed in Exhibit B to this Order.

---

[3] More information about the Court's ADR Program is available at: http://www.cacd.uscourts.gov/attorneys/adr.

**D.    Notice to be Provided by Counsel**

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**E.    Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling and Preparation for Civil Trial Order, which will contain the schedule that the Court sets after reviewing the parties' Rule 26(f) Report.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with the requirements set forth in this Order.

IT IS SO ORDERED.


DATED:  June 12, 2026                    _____

                                        KAREN E. SCOTT
                                        UNITED STATES MAGISTRATE JUDGE

6

## EXHIBIT A: SCHEDULE OF TRIAL DATE AND PRETRIAL DEADLINES

Cervantez v. Target Corporation, et al., No. 8:26-cv-01072-KES

| Deadline | Court's Standard Deadlines (Time Before Trial) | Plaintiff's Request | Defendants' Request |
|---|---|---|---|
| Join Parties and Amend Pleadings | Scheduling Conference + 60 days | | |
| Complete Fact Discovery and File Related Discovery Motions | 21 weeks | | |
| Serve Initial Expert Disclosures | 19 weeks | | |
| Serve Rebuttal Expert Disclosures | 16 weeks | | |
| Complete Expert Discovery and File Related Discovery Motions | 14 weeks | | |
| File Non-Discovery, Pretrial Motions (Excluding Daubert Motions and Motions in Limine) | 13 weeks | | |
| Last Day to Conduct Settlement/ADR Proceedings | 12 weeks | | |
| File Motions in Limine and Daubert Motions | 8 weeks | | |
| File Memo of Contentions of Fact and Law | 6 weeks | | |
| Lodge Proposed Final Pretrial Conference Order | 5 weeks | | |
| File Witness and Exhibit Lists<br><br>For Jury Trial: File Joint Statement of the Case, Proposed Voir Dire Questions, Proposed Jury Instructions, and Special Verdict Forms | 4 weeks | | |
| Final Pretrial Conference and Hearing on Motions in Limine and Daubert Motions | 3 weeks | | |
| For Court Trial: Lodge Proposed Findings of Fact and Conclusions of Law | 2 weeks | | |
| Send Demonstratives to Opposing Parties | 1 week before Exhibit Conference | | |
| Exhibit Conference (Friday at 2:00 p.m.) | Friday before Trial | | |
| [  ] Jury Trial or [  ] Court Trial<br><br>Estimated Length: _____ days<br><br>(Monday at 8:30 a.m.) | | | |

ADR Choice (L.R. 16-15.4):
[    ]    1. Settlement Conference with Magistrate Judge
[    ]    2. Court Mediation Panel
[    ]    3. Private/Outside ADR Proceeding

**EXHIBIT B: PREPARATION AND CONSIDERATIONS FOR**
**RULE 26(F) CONFERENCE OF COUNSEL**

Cervantez v. Target Corporation, et al., No. 8:26-cv-01072-KES

**Before the Conference:**

1. **Rule 1 and Rule 26(b)(1):** Counsel are expected to have reviewed these rules and considered their obligations thereunder in discussing and preparing a discovery plan.

2. **Preliminary Investigation:** Counsel are expected to speak with their client (including key witnesses and data managers) to identify (1) how the client likely communicated about the lawsuit's subject matter; (2) how and where such communications and other relevant documents are likely stored; and (3) what steps need to be taken to preserve relevant data (such as disabling auto-delete functions).  Has the client experienced anything (like a natural disaster or migration to a new server) that will limit what electronically stored information ("ESI") is available?

3. **E-Discovery Competence:** Counsel are expected to be sufficiently knowledgeable about their client's technology systems to discuss issues related to e-discovery, or counsel must invite someone else with such competence to attend the conference with them.

**At the Conference:**

1. **Preservation:** Discuss the duty to preserve potentially relevant ESI (including text messages, voice mail messages, emails, security video footage, photographs, messages sent via messaging applications, and devices that store such ESI) and other evidence (e.g., defective consumer products, broken parts, labels and packaging, the equipment or vehicle involved in an accident), how such evidence will be identified, and how it will be preserved.

2. **Avoiding Objections to Written Discovery:** Discuss whether the parties can agree to date limits, geographic limits, and subject matter limits proportional to the needs of the case.  Also discuss whether the parties can agree to a set of commonly used defined terms (like "documents" or "you") to avoid vagueness objections.  Discuss ways to minimize objections based on overbreadth.

3. **Avoiding Objections to Interrogatories:** Discuss whether the parties can agree on a mutually applicable way (or at least a few "rules of thumb") to count interrogatories to determine when the numeric limit has been reached.  Discuss whether the parties can agree if/when to serve contention interrogatories relating to the claims and defenses.

4. **Finding and Producing ESI:** Discuss whether the best way to find relevant ESI will be key word searches or some other method (like manually searching files saved in a particular location or querying a database).  If key word searches will be used, when will proposed search terms be exchanged?  How will the parties resolve disagreements about the scope of search terms (for example, by running sample searches and exchanging hit lists)?  How many custodians' ESI will need to be collected and searched?  How will the ESI be collected, processed, and hosted?  In what format will ESI be exchanged?  For what files (if any) will metadata be produced?

5. **E-Discovery Protocol:** Does the litigation merit adopting an e-discovery protocol?  There are "form" protocols that address common issues like how to format ESI for production, de-

**EXHIBIT B: PREPARATION AND CONSIDERATIONS FOR
RULE 26(F) CONFERENCE OF COUNSEL**

<u>Cervantez v. Target Corporation, et al.</u>, No. 8:26-cv-01072-KES

duplication, exclusion of certain file types, dealing with document "families" and email threads, etc.

6. **Document Identification and Review:** Does either side anticipate using artificial intelligence tools to identify relevant documents? If so, what prompts or methodology will the AI tool be instructed to use? Counsel is expected to be knowledgeable about how relevant, responsive information was located and not delegate such identification to the client.

7. **Privilege Logs:** Can the parties agree on the timing for exchanging privilege logs? Will they use some automated process to produce an initial draft? Can they agree that certain kinds of documents, or documents from a particular time period, do not need to be logged?

8. **Overall Discovery Schedule:** When will document production, e-discovery, and depositions occur within the time allotted for fact discovery? When will Rule 30(b)(6) deposition notices with topics be exchanged? Would it be helpful to calendar tentative deposition dates early? Realistically, how long will be required to accomplish the proposed discovery?

9. **Secure Data Storage:** Are there any special privacy concerns with the data to be exchanged? If so, counsel should consider and discuss how data will be transferred and stored (e.g., encryption, secure FTP sites, etc.).

10. **Stipulated Facts:** Are there any stipulations to which the parties can agree that would reduce the scope of discovery? For example, can the parties stipulate to the authenticity of contract documents, dates of employment, identity of relevant business entities, numerosity of a proposed class, dates when a particular policy was enforced, etc.? What early investigation would enable the parties to agree what facts are not in dispute? When could such stipulations be finalized?

## <u>After the Conference:</u>

1. **Cost Estimates:** Counsel are expected to discuss the draft Joint Rule 26(f) Report with each client. Counsel should be prepared to provide a cost estimate for the discovery plan and alternative dispute resolution plan proposed in the Report. Counsel should discuss whether to engage an e-discovery vendor or manage e-discovery in some other way.

2. **Civility:** Counsel are expected to maintain civility when meeting and conferring over discovery disputes, scheduling disputes, and all other matters related to the litigation.