**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:26-cv-01072-KES Date: October 21, 2026

Title: YOLANDA JIMENEZ CERVANTEZ v. TARGET CORPORATION

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

---

**PROCEEDINGS (IN CHAMBERS):** **Order GRANTING Plaintiff's Motion to Join and Remand (Dkt. 17.)**

## I. INTRODUCTION

On May 5, 2026, Defendant Target Corporation ("Defendant") removed this case from the Orange County Superior Court ("OCSC"). (Dkt. 1.) On September 18, 2026, Plaintiff Yolanda Jiminez Cervantez ("Plaintiff") filed a motion for leave to amend her complaint and to remand the case to the OCSC. (Dkt. 17.) Defendant filed an opposition. (Dkt. 18.) Plaintiffs filed a reply. (Dkt. 19.)

For the reasons stated herein, the Court grants Plaintiff's motion.

## II. PROCEDURAL HISTORY

On April 6, 2026, Plaintiff filed a complaint against Defendant, Ashley Doe, and Does 1 through 50 in the OCSC alleging disability discrimination, harassment, retaliation, and wrongful termination regarding Plaintiff's employment and termination at Target under the California Fair Employment and Housing Act ("FEHA"), at California Government Code § 12940 et seq. ("Complaint" at Dkt 1-1 at 25-41.) Plaintiff raises seven causes of action, six alleged against just Target and one alleged against all Defendants for "harassment/hostile work environment." (Complaint at ¶¶ 58-65.) Plaintiff served Defendant with the Summons and Complaint on April

6, 2026. (Dkt. 1-1 at 42-45.) Defendant filed an Answer on April 29, 2026. (Dkt. 1-1 at 54-64.)

On May 5, 2026, Defendant removed the case to federal court based on diversity jurisdiction, stating that "this action is removable … as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states." (Dkt. 1 at 11.) Plaintiff is a citizen of California and Defendant is a citizen of Minnesota. (Dkt. 1 at 11-13.) That same day, Defendant served Plaintiff with a copy of the notice of removal. (Dkt. 5.)

On May 14, 2026, the Court issued a notice to the parties explaining that this case had been randomly assigned to Magistrate Judge Scott for all purposes and giving them an opportunity to submit a declination of consent. (Dkt. 6.) Neither party declined consent by the June 3, 2026 deadline, which means the case proceeds before Magistrate Judge Scott for all purposes. (Dkt. 7.)

On June 12, 2026, the Court issued an order setting a telephonic scheduling conference for August 12, 2026. (Dkt. 10.) On July 15, 2026, the parties filed their joint Rule 26(f) report. (Dkt. 11.) On August 12, 2026, per the parties' discussion with the Court, a deadline was set for September 18, 2026, for Plaintiff to file a motion for leave to amend the Complaint and motion to remand. (Dkt. 16.)

On September 18, 2026, Plaintiff filed a motion for leave to amend Complaint or, in the alternative, joinder, a motion for remand, and a motion for monetary sanctions. (Dkt. 17.) Plaintiff seeks amendment to substitute Target employee Ashley McFadden Kuntzman, a citizen of California, in place of Ashley Doe, which would destroy complete diversity and necessitate remand. (Id. at 6, 21-22.) Plaintiff also requests monetary sanctions against Defendant's counsel for seeking removal and opposing the motion for remand. (Id. at 22-23.)

Defendant contends in its opposition that (1) Plaintiff is mis-joining a non-diverse defendant under 28 U.S.C. § 1447(e); or, alternatively, (2) Plaintiff is fraudulently joining Ms. Kuntzman as a "sham defendant." (Dkt. 18 at 12-19.)

Plaintiff filed a reply arguing that (1) the motion should be treated as a motion for leave to amend under Federal Rule of Civil Procedure ("FRCP") 15; (2) even if the Court treats the motion as a motion for joinder under § 1447(e), Ms. Kuntzman has not been mis-joined; and (3) Ms. Kuntzman has not been fraudulently joined. (Dkt. 19 at 9-19.) As discussed below, the Court finds that joinder is proper.

## III. LEGAL STANDARD

"Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." Khoshnood v. Bank of Am., No. 2:11-cv-04551-AHM-

FFM, 2012 WL 751919, at *1, 2012 U.S. Dist. LEXIS 30625, at *3-4 (C.D. Cal. Mar. 6, 2012) (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999)).

The relevant statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A district court's decision to permit or deny joinder is discretionary. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir.1998) ("Because the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court, we may only review the district court's decision for an abuse of discretion"). The Court's exercise of discretion is guided by the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002) (citing Clinco, 41 F. Supp. 2d at 1082). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." Leyba v. Walmart, Inc., No. 2:20-cv-07604-ODW-E, 2021 WL 8893640, at *2, 2021 U.S. Dist. LEXIS 259072, at *4 (C.D. Cal. Feb. 2, 2021).

## IV. PLAINTIFF'S FACTUAL ALLEGATIONS

In her Complaint, Plaintiff alleges that Defendant and its employees committed numerous violations of FEHA regarding her disability and medical leave. (Complaint at ¶ 28.) Plaintiff was placed on medical leave for a diabetes-related foot infection "on or about 2022." (Complaint at ¶ 20.) These include allegations that Defendant Ashley Doe, a human resources representative, advised Plaintiff to resign from her position and re-apply when able to work on or about May 2022 and again on February 12, 2024. (Complaint at ¶¶ 21, 24.)

Plaintiff's proposed First Amended Complaint ("FAC") replaces "Ashley Doe" with "Ashley McFadden Kuntzman." ("FAC" at Dkt. 17-5.) The proposed FAC also replaces "Christina Doe" with "Christina Thompson" and "Stephanie Doe" with "Estefany Jiminez Arrellano."[1] (FAC at ¶¶ 25, 27.) The only other substantive change in the proposed FAC alters

---

[1] The Court does not understand these other "Does" to be Doe defendants that Plaintiff is now identifying, but rather individuals relevant to her factual narrative whom she is now able to

the date Ms. Kuntzman first advised Plaintiff to resign and re-apply from "on or about May 2022" to "in or after September 2022." (FAC at ¶ 21.)

## V. DISCUSSION

While Plaintiff argues that FRCP 15(a) should govern Plaintiff's motion for remand and for leave to amend (Dkt. 17 at 12), because Plaintiff is moving to join Ms. Kuntzman, a diversity-destroying defendant, after the case has already been removed, the six-factor § 1447(e) test is the appropriate standard. Khachunts v. Gen. Ins. Co. of Am., 682 F.Supp.3d 827, 832 (C.D. Cal. 2023) ("Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant") (internal citation omitted).

Plaintiff argues that federal courts must "defer to California's Doe-defendant procedure following removal," citing Lindley v. General Electric Co., 780 F.2d 797 (9th Cir. 1986), and arguing that California's Doe-substitution doctrine permits amendment under Rule 15(a). (Dkt. 19 at 11.) Even assuming that is the case, not only does Lindley address deference in the context of statute of limitations issues and relation-back for doe defendants, but also Lindley was decided prior to the 1988 amendments of the removal statute, which the Ninth Circuit recognized as expressing Congress's intent that "doe defendants should not defeat diversity jurisdiction." Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1989). The Ninth Circuit has since made clear that the "citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002). As such, the Court applies the six-factor § 1447(e) test.

### A. Just Adjudication.

Federal Rule of Civil Procedure 19(a) "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco, 41 F.Supp.2d at 1082 (citing Fed. R. Civ. P. 19(a)). While courts consider Rule 19 in determining whether to permit joinder under § 1447(e), § 1447(e) imposes a "less restrictive standard" than Rule 19. Khachunts, 682 F.Supp.3d at 833 (internal citation omitted). "This standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." Boon, 229 F.Supp.2d at 1022 (citation modified).

Plaintiff argues that Ms. Kuntzman had a "high degree of involvement" and was the "primary bad actor on behalf of Target" who "effectuated the vast majority of the conduct that led to this lawsuit." (Dkt. 17 at 16.) Plaintiff egregiously overstates Ms. Kuntzman's

---

name. In any event, neither party has argued that Plaintiff is attempting to join these individuals, nor has any party discussed their citizenship or impact on diversity in any of their briefs.

involvement when, per her proposed FAC, Ms. Kuntzman was involved on only two occasions, occurring more than a year apart from each other, limited to two statements in which Ms. Kuntzman advised Plaintiff to resign and reapply when she was able to work. (FAC at ¶¶ 21, 24.)

Defendant argues that joinder of Ms. Kuntzman is not necessary because Defendant is already named on every cause of action, and Plaintiff can still seek relief on each claim even if Ms. Kuntzman is not joined as an individual defendant. (Dkt. 18 at 15.)

While it is true that Plaintiff could recover on each of her claims against Defendant, FEHA also establishes personal liability regarding harassment or the creation of a hostile work environment based on certain protected characteristics. Cal. Gov't Code § 12940(j)(3). Plaintiff seeks to hold Ms. Kuntzman personally liable under FEHA and, if Ms. Kuntzman is not joined as a party, Plaintiff would have to file a separate action in state court. Since Plaintiff alleges that Defendant is liable for harassment or the creation of a hostile work environment in part because of Ms. Kuntzman's acts, a separate action would be redundant.

Accordingly, this factor weighs in favor of joinder.

**B. Statute of Limitations.**

"There is less reason to join a defendant if the plaintiff could file an action against the joined defendant in state court." Carlo Soracco v. DB Ins. Co. Ltd. (U.S. Branch), No. 2:25-cv-10359-CV (BFMx), 2026 WL 2909527, at *3, (C.D. Cal. Sept. 28, 2026) (citing Clinco, 41 F. Supp. 2d at 1083).

Plaintiff acknowledges that her claim against Ms. Kuntzman is within the statute of limitations but argues that denying joinder would create needless duplicative actions and waste judicial resources. (Dkt. 17 at 16-17.) Plaintiff also argues that, because Defendant did not address this factor in its opposition, that it has conceded this factor in Plaintiff's favor. (Dkt. 19 at 13.)

It is true that Defendant did not address the statute of limitations factor, but Plaintiff has acknowledged in her motion that "the statute of limitations against Kuntzman has not lapsed." (Dkt. 17 at 17.) Her argument that denying joinder would create duplicative actions is analyzed under other factors. The first case Plaintiff cites for her statute of limitations argument recognizes this. Dunning v. Hallmark Specialty Ins. Co., No. 2:20-cv-02455-ODW (GJS), 2020 WL 6123133, at *3 (C.D. Cal. Aug. 11, 2020) ("the statute of limitations is not an issue here…. Consequently, this factor weighs against permitting joinder"); (Dkt. 17 at 16).

Assuming Plaintiff is correct when stating that the statute of limitations has not lapsed, this factor weighs against joinder.

### C. Unexplained Delay.

To determine whether to allow joinder of a diversity-destroying defendant, "courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F.Supp.2d at 1083. Six months after removal and four days before a summary judgment hearing is considered too late, Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983), but less than three months after removal is presumptively reasonable, Boon, 229 F.Supp.2d at 1016.

Plaintiff argues that any delay is a result of Defendant's unwillingness to identify Ashley Doe. (Dkt. 17 at 18-19.) Defendant argues that any delay is a result of Plaintiff's attempt to "force Ms. Kuntzman into the role of 'Ashley Doe,'" even though Ms. Kuntzman did not work for Target in May 2022, the date alleged in the Complaint as the first occasion when "Ashley Doe" told Plaintiff to resign. (Dkt. 18 at 15-16.)

While the case was removed four and a half months prior to Plaintiff's motion to remand, Plaintiff could not have filed this motion until she knew Ashley Doe's identity. The motion was filed within the deadline set by the Court during the August 12, 2026 scheduling conference. (Dkt. 16.) Delay is not a concern here.

This factor weighs in favor of joinder.

### D. Motive for Joinder.

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to the trial court's decision to grant the plaintiff leave to amend his [or her] original complaint." Clinco, 41 F.Supp.2d at 1083 (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980)). "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction." Boon, 229 F. Supp. 2d at 1023 (citing Clinco, 41 F.Supp.2d at 1083).

In Clinco, the district court noted that "the first amended complaint add[ed] a one-sentence allegation to the first cause of action and slightly alter[ed] the sixth cause of action" but was otherwise "substantially similar." 41 F.Supp.2d at 1083, n.2. On that basis, the court concluded that "one could justifiably suspect that [the plaintiff]'s amendment of the complaint was caused by the removal rather than an evolution of his case."[2] Id. at 1083. But, in IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., the court "decline[d] to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal," concluding that the "alleged role" played by the nondiverse defendant

[2] Additionally, the court in Clinco found the timing of Plaintiff's amended complaint to be suspicious, as it named a nondiverse defendant and was served on the defendants just two days after removal and filed with the district court, not the state court, only five days after removal. 41 F.Supp.2d at 1081.

made plaintiff's desire to add the nondiverse defendant "reasonable and justifiable."[3] 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000).

Courts examine four factors when assessing motive: (1) whether the plaintiff was aware of removal when amending her complaint; (2) whether the proposed amended complaint contains only minor or insignificant changes; (3) whether a plaintiff has provided explanation for waiting to assert claims against the nondiverse defendant; and (4) whether plaintiff has asserted a facially valid claim against the nondiverse defendant. Khachunts, 682 F.Supp.3d at 835. Courts in this district generally frame this issue as whether the only purpose in seeking to join the nondiverse defendant is to defeat diversity jurisdiction. Id. (citing Murphy v. Am. Gen. Life Ins. Co., 74 F.Supp.3d 1267, 1285 (C.D. Cal. 2015)).

Plaintiff argues that this factor should be deemphasized, and that destroying diversity jurisdiction is not Plaintiff's only reason for joining Ms. Kuntzman. (Dkt. 17 at 18-19.) Defendant argues that Plaintiff's motive for joinder is only to destroy diversity, basing its argument on Plaintiff's alteration of the date of Ms. Kuntzman's statement from May 2022 to September 2022, and additionally arguing that Plaintiff lacks a facially valid "hostile work environment" claim against Ms. Kuntzman. (Dkt. 18 at 16-17.)

As discussed further below, the Court does not consider Plaintiff's claim against Ms. Kuntzman in the FAC to be facially valid. However, Plaintiff has a particularly strong explanation for failing to assert claims against Ms. Kuntzman prior to removal. Plaintiff points out that Ashley Doe was the only named Doe defendant in Plaintiff's original complaint.[4] (Dkt. 19 at 15.) Plaintiff's Complaint specifically brings "causes of action against Defendants, Target Corporation, a Minnesota Corporation; Ashley Doe, an individual, and Does 1 through 50, inclusive." (Complaint at 2.) This is indicative of Plaintiff's intent to name Ashley Doe as a defendant even prior to removal. If Plaintiff's motive had been to destroy diversity, Plaintiff could have also tried to join the other former Doe employees she identified in her FAC. She is only attempting to join Ms. Kuntzman.

To the extent that Defendant argues the FAC's alteration of the date is indicative of Plaintiff's intent to shoehorn Ms. Kuntzman into the role of Ashley Doe, such an argument goes toward Plaintiff's credibility but does not establish that Plaintiff's motive in joining Ms. Kuntzman is *solely* to destroy diversity. While it is not unreasonable for Defendant to question Plaintiff's motive, the Court declines to impute a solely improper motive to Plaintiff when

---

[3] The IBC court also contemplated the legislative history of § 1447(e) and interpreted the statute as providing flexibility and discouraging a reflexive inference of suspicion when faced with a party's request for amendment of the complaint to add a non-diverse party. 125 F. Supp. 2d at 1012.

[4] But see supra note 1, discussing Plaintiff's naming of other individuals labeled as "Doe" in her Complaint.

Plaintiff has demonstrated an intent to name Ashley Doe prior to removal.

This factor weighs in favor of joinder.

**E. Prejudice.**

"Courts have found significant prejudice where claims against proposed nondiverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the nondiverse defendants." Yang v. Swissport USA, Inc., No. 3:09-cv-03823-SI, 2010 WL 2680800, at *5, 2010 U.S. Dist. LEXIS 76789, at *15 (N.D. Cal. July 6, 2010) (citing IBC, 125 F. Supp. 2d at 1013); see also Oettinger v. Home Depot, No. 4:09-cv-01560-CW, 2009 WL 2136764, at *4, 2009 U.S. Dist. LEXIS 64786, at *14 (N.D. Cal. July 15, 2009) (rejecting Home Depot's argument that "because [it] can fully satisfy a judgment [on its own], Plaintiff loses nothing by not having [the individual] … Defendant in the case"); Soracco, 2026 WL 2909527, at *5 ("courts have found that prejudice arises in situations where plaintiffs must either abandon a viable claim against the putative defendant or initiate duplicative litigation in state court").

Plaintiff argues that refusing joinder would require Plaintiff to litigate the same operative facts in separate proceedings, creating the risk of inconsistent results. (Dkt. 17 at 20-21.) Defendant argues that Ms. Kuntzman is still available as a witness, and that Plaintiff will still have access to the same discoverable information regardless of Ms. Kuntzman's joinder. (Dkt. 18 at 18-19.)

Here, Plaintiff's claim against Ms. Kuntzman arises out of acts by Ms. Kuntzman which are also part of the basis of Plaintiff's claims against Defendant. The fact that Defendant can satisfy a full judgment does not mean that it should, or must—particularly where individual liability is also at stake. See Oettinger, 2009 WL 2136764, at *4, 2009 U.S. Dist. LEXIS 64786, at *14. FEHA provides for individual liability in harassment and hostile work environment claims. Cal. Gov't Code § 12940(j)(3). Denial of joinder would put Plaintiff in a difficult position, where she must decide whether to sue Ms. Kuntzman in state court in a duplicative action or, alternatively, give up any claims she may have against Ms. Kuntzman.

This factor weighs in favor of joinder.

**F. Strength of Claims.**

Finally, courts consider "whether a new claim sought to be added seems to have merit." Clinco, 41 F.Supp.2d at 1083; see also Yang, 2010 WL 2680800, at *5, 2010 U.S. Dist. LEXIS 76789, at *14 (citing IBC, 125 F. Supp. 2d at 1012). A court must determine if the claim against the nondiverse defendant is "facially valid." Khachunts, 682 F.Supp.3d at 836.

Plaintiff argues that the facial validity standard is analogous to the "fraudulent joinder"

standard, which requires a defendant to show that "plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." (Dkt. 17 at 19-20 (citing Dunning, 2020 WL 6123133, at *5).) Defendant's argument focuses on the elements of a FEHA harassment claim, arguing that Plaintiff has not alleged conduct sufficient to constitute harassment. (Dkt. 18 at 17-18.)

The Court acknowledges that some past cases in this district have likened the facial validity standard under § 1447(e) to the fraudulent joinder standard. See, e.g., Dunning, 2020 WL 6123133, at *5; Kelly v. SMG Holdings, Inc., No. CV 14-08306 MMM (PLAx), 2015 WL 13652713, at *3 (C.D. Cal. Mar. 9, 2015) (acknowledging that the fraudulent joinder analysis is distinct from, but relevant to, a § 1447(e) facial validity analysis).

However, more recently, courts in this district have described the standard as lower than what is required to survive a Rule 12(b)(6) motion to dismiss, but that the plaintiff is still required to "establish the elements of the alleged cause of action" in their complaint. Khachunts, 682 F.Supp.3d at 836. The most recent decisions in this district either do not apply the fraudulent joinder standard to § 1447(e) analysis or explicitly distinguish the fraudulent joinder standard from the § 1447(e) facially valid standard. See Soracco, 2026 WL 2909527, at *2, 4 (acknowledging fraudulent joinder as a separate argument for removal and making no mention of the fraudulent joinder standard when analyzing if there was a facially valid claim); Vargas v. Northrop Grumman Corp., No. 2:26-cv-01879-SPG-MAR, 2026 WL 1816214, at *7 n.4 (C.D. Cal. June 23, 2026) (noting that joinder analysis under § 1447(e) is distinct from fraudulent joinder analysis); Kasel v. Nat'l AG Fin., Inc., No. 2:26-cv-04310-RGK-DSR, 2026 WL 2138670, at *4 (C.D. Cal. June 23, 2026) (holding that a plaintiff must "still establish the elements of the alleged cause of action to show that the claims are not futile" to establish a facially valid claim, and making no mention of the fraudulent joinder standard).

Fraudulent joinder is a separate justification for removal, as the Ninth Circuit cases addressing fraudulent joinder doctrine arise from cases where a nondiverse defendant was already joined in state court and a defendant removed the case on the basis that the nondiverse defendant was joined fraudulently. See Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548-49 (9th Cir. 2018); Hunter v. Philip Morris USA, 582 F.2d 1039, 1043-44 (9th Cir. 2009). The relevant standard in a 1447(e) analysis, where a plaintiff is attempting to join a nondiverse defendant after removal, is whether the claim is facially valid (i.e., whether Plaintiff established the elements of the alleged cause of action).

The elements of a harassment or hostile workplace claim under FEHA requires an employee to "show she was subjected to harassing conduct that was (1) unwelcome; (2) because of [her protected characteristic]; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." Bailey v. San Francisco Dist. Attorney's Off., 16 Cal.5th 611, 627 (Cal. 2024) (citing Lyle v. Warner Brothers Television Productions, 38 Cal.4th 264, 279 (Cal. 2006)). The harassment must consist of more than "'annoying or merely offensive comments in the workplace,' and it cannot be 'occasional,

isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature.'" Cornell v. Berkeley Tennis Club, 18 Cal.App.5th 908, 940 (2017) (citing Lyle, 38 Cal.4th at 283). When assessing these claims, courts consider the frequency and severity of the discriminatory conduct, whether the conduct is "physically threatening or humiliating," and whether the conduct "unreasonably interferes with an employee's work performance." Bailey, 16 Cal.5th at 628. Severity of harassment "should be judged from the perspective of a reasonable person in the plaintiff's position." Id. at 629.

Plaintiff's proposed FAC mentions two instances when Ms. Kuntzman advised Plaintiff to resign and re-apply when she was able to work once more. (FAC at ¶¶ 21, 24.) Defendant rightly points out that these two statements, which allegedly occurred more than a year apart, are not severe or pervasive enough to establish a harassment claim. (Dkt. 18 at 18.)

First, Plaintiff has not shown that the comments were made because of Plaintiff's protected characteristic (i.e., her disability or medical condition) instead of the fact that Plaintiff was out of work for more than a year.

Second, Plaintiff has not established any severe or pervasive harassing conduct by Ms. Kuntzman. The statements, as described by the FAC, would not be so offensive or intolerably harassing from a reasonable person in Plaintiff's position. Plaintiff alleges that Ms. Kuntzman "advised" Plaintiff to resign and re-apply. (FAC at ¶¶ 21, 24.) Those two statements, made more than one year apart, are not particularly severe, threatening, or humiliating. Nor could they be construed as so severe or pervasive to create an abusive work environment for a reasonable person in Plaintiff's position.

Accordingly, this factor weighs against joinder.

### G. **Fraudulent Joinder.**

Defendant argues in the alternative that remand should not be granted because Ms. Kuntzman is a sham defendant who was fraudulently joined. (Dkt. 18 at 19.) There is a general presumption against finding fraudulent joinder. Grancare, 889 F.3d at 548 (citing Hunter, 582 F.3d at 1046). The Ninth Circuit has likened the standard to the "wholly insubstantial and frivolous" standard under Rule 12(b)(1). Id. at 549. In addition to showing a failure to state a claim under Rule 12(b)(6), to find that a nondiverse defendant has been fraudulently joined, a district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." If there is even a "possibility that a state court would find that the complain states a cause of action against any of the [nondiverse] defendants," then the nondiverse defendant was not fraudulently joined. Id. (citing Hunter, 582 F.3d at 1046).

As discussed above, fraudulent joinder applies when a defendant removes a case involving a nondiverse defendant and argues that the nondiverse defendant is a sham defendant whose citizenship should be ignored for the purposes of diversity jurisdiction. The case

Defendant cites, McCabe v. General Foods Corp., addresses that exact situation. 811 F.2d 1336, 1337-39 (9th Cir. 1987) (denying a motion to remand where the nondiverse defendants had been joined prior to removal, because the plaintiff could not state a claim under California law against them).

Even if the fraudulent joinder standard were applicable here as an alternative justification to deny Plaintiff's motion to remand, the fraudulent joinder standard has not been met. The Ninth Circuit has typically upheld fraudulent joinder rulings where the defendants demonstrated that the plaintiff's claims were barred by the statute of limitations or there was such "extraordinarily strong" evidence that a plaintiff "could not possibly prevail on her claims against the allegedly fraudulently joined defendant," (e.g., where the defendant's conduct was privileged or the claims against the sham defendant arose from a contract the defendant was not a party to). Grancare, 889 F.3d at 548-49 (collecting cases).

Plaintiff's claims are not so meritless that they could not possibly be cured by granting leave to amend. For example, the FAC's allegations against Ms. Kuntzman are weak, but they are not outside FEHA's scope or subject matter. Nor does FEHA wholly preclude recovery against individuals. Additionally, Defendant states in its opposition that Ms. Kuntzman was involved in more communications with Plaintiff than just the two incidents alleged in the FAC. (Dkt. 18-1.) Even though the Court finds Plaintiff's claims against Ms. Kuntzman in the FAC too weak to establish a FEHA harassment claim against Ms. Kuntzman, there remains a *possibility* that, with additional leave to amend, a state court *could* find that Plaintiff has stated a FEHA harassment claim against Ms. Kuntzman. Consequently, a fraudulent joinder ruling is not warranted here.

### H. Sanctions Against Defense Counsel.

Plaintiff requests sanctions against Defendant and its counsel for acting in bad faith, improperly removing the case to federal court, lacking an "objectively reasonable basis for continuing to insist this matter remain in federal court," refusing to initially identify Ms. Kuntzman as Ashley Doe, and refusing to stipulate to a remand once Ms. Kuntzman was identified. (Dkt. 17 at 22-23.)

The Court disagrees with Plaintiff that Defendant and its counsel have acted in bad faith. At the time of removal, the parties were diverse and removal was proper. Defendant cannot be sanctioned for disagreeing with Plaintiff, and because Defendant disputes that Ms. Kuntzman is not Ashley Doe as described in the Complaint (Dkt. 18 at 7, 10), they have no obligation to stipulate to remand. Nor did Target unreasonably contest Plaintiff's motion—as the above analysis demonstrates, some factors weigh in favor of joinder and some weigh against. Parties can reasonably disagree on issues; such is the nature of adversarial litigation.

The Court declines to impose sanctions.

## VI. ORDER

The weight of the above factors is within the discretion of the Court. Four of the factors weigh in favor of joinder and two weigh against joinder. Although Plaintiff's claims against Ms. Kuntzman are questionable in strength, the need for just adjudication, paired with the other factors weighing in favor of amendment, warrant granting Plaintiff's motion.

The Court therefore GRANTS Plaintiff leave to file her FAC, which joins the nondiverse defendant Ms. Kuntzman, and consequently requires remand of this case to the OCSC. Plaintiff shall file the FAC no later than **October 28, 2026.** Once the FAC is filed, this case will be ordered REMANDED to the state court for further proceedings as it no longer satisfies the Court's subject matter jurisdiction. The Court denies Plaintiff's request for sanctions.

Initials of Deputy Clerk jd